IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-661-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DANIEL TEGEDER, ) | |
| Defendant. ) | |

This matter is before the clerk on the Motion for Entry of Default as to Defendant Daniel Tegeder [DE-6]. The motion is DENIED without prejudice.

The Government initiated this action by filing a complaint [DE-1] on December 15, 2015, alleging that Tegeder defaulted on a promissory note in favor of the Small Business Administration ("SBA"), an agency of the United States. On March 14, 2016, counsel for the Government filed a Notice of Service [DE-6], wherein she certified that Tegeder "has been served with a copy of the Summons and Complaint filed in this action as is indicated on the attached Postal Form 3811." The attached Postal Form indicates that an agent of Tegeder signed for delivery of certified mail addressed to Tegeder in Gulfport, Mississippi, on March 8, 2016 [DE-6-1]. On May 3, 2016, the Government filed the instant motion for entry of default, supported by the declaration of Government counsel [DE-6-1]. In the declaration, Government counsel affirms that Tegeder was served with the complaint and summons on March 8, 2016, and has failed to appear, plead, or otherwise defend.

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual and "provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing

at the defendant's home or usual place of abode or (2) delivery a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 538 (M.D.N.C. 2005); see also Fed. R. Civ. P. 4(e)(2). Alternatively, service of process may be accomplished by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, the Government did not cause a copy of the complaint and summons to be delivered personally to Tegeder or his agent, nor did it leave process with a suitable person at Tegeder's usual place of abode. Thus service was not effected under Federal Rule 4(e)(2). Accordingly, the Government will be deemed to have served Tegeder with process only if it complied with either the law of the state where this court sits, North Carolina, or the law of the state where service was attempted, Mississippi.

The record reflects that proper service was not effected under the law of Mississippi. Cases from the Mississippi Supreme Court and federal courts in Mississippi make clear that Mississippi law does not allow for service of process by certified mail on an in-state defendant. See, e.g., Transport, Inc. v. Dickens, 870 So. 2d 1195, 1198 (Miss. 2004) ("Service of process may not be had by certified mail upon an in-state defendant."); see also Shorty v. Sparkman, Civil Action No. 5:12-cv-114 (DCB)(MTB), 2013 WL 4773943, at *2 (S.D. Miss. Sept. 4, 2013) ("The Mississippi Rules of Civil Procedure do not permit service of process on in-state defendants by certified mail."); Miss. R. Civ. P. 4(c). Consequently, the service by certified mail is not effective under Mississippi law.

North Carolina law, however, does allow for service on an individual by certified or registered mail. N.C. Civ. R. P. 4(j)(1)(c). Service is presumed to be complete on the date that a summons and complaint are delivered to a defendant's address, with two exceptions. N.C. Civ. R. P. 4(j2)(2).  The two exceptions occur: (1) when a plaintiff seeks a default judgment or (2) when a defendant appears in an action to challenge service. See Lynch v. Lynch, 360 N.C. 367, 370, 279 S.E.2d 840, 843 (1981).  "In these two situations, a plaintiff must prove service by filing with the court an affidavit that complies with N.C.G.S. § 1-75.10.4." Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); N.C. R. Civ. P. 4(j2). The pertinent portion of N.C. Gen. Stat. § 1-75.10 requires an affidavit of the serving party averring: (1) that a copy of the summons and complaint was deposited in the post office for mailing by certified mail, return receipt requested; (2) that it was in fact received as evidence by an attached registry receipt, and (3) the genuine receipt is attached. See N.C. Gen. Stat. § 1-75.10(a)(4).

Here, the Government seeks an entry of default. Although the record suggests that the Government has indeed effected service under North Carolina Rule of Civil Procedure 4(j)(1)(c), the clerk nevertheless cannot find that the requirements for proving service under Rule 4(j2) have been met.  Although Government filed an unsworn certification stating that service was effected by certified mail on Tegeder [DE-5] and a declaration in support of the motion for entry of default, neither of those documents satisfies the requirements of N.C. Gen. Stat. § 1-75.10(a)(4).

The motion for entry of default [DE-6] is accordingly DENIED without prejudice to renew within 30 days.  Any renewed motion for entry of default must be supported by an affidavit or declaration that satisfies N.C. Gen. Stat. § 1-75.10(a)(4).

SO ORDERED. This the 8th day of June, 2016.

                                                                     Julie Richards Johnston
                                                                       Clerk of Court